IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION FILE NO. |
| v. | |
| | 1:19-CR-69-LMM-JKL |
| LEEFATINIE COLE | |

**FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Leefatinie Cole's Preliminary Motion to Dismiss Indictment [Doc. 19] and his Perfected Motion to Dismiss Indictment [Doc. 26].

Cole is charged in this case with a single count of failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). [Doc. 1.] On March 22, 2019, he moved to dismiss the indictment on the grounds that SORNA's registration requirement is unconstitutional under the nondelegation doctrine, since SORNA unlawfully delegated a legislative function to the Attorney General—namely, determining whether SORNA's registration requirements apply to persons convicted of sex

offenses before SORNA's enactment. [Doc. 19.][1] At the time Cole filed his motion, this very issue was pending before the Supreme Court in *Gundy v. United States*, No. 17-6086. Because the outcome of *Gundy* was likely to affect the merits of Cole's motion one way or another, the Court granted Cole's request to stay the proceedings, and ordered him to perfect his motion to dismiss thirty days following the decision in *Gundy*. [Doc. 22.]

On June 20, 2019, the Supreme Court issued its decision in *Gundy*, holding that Congress's delegation to the Attorney General did not violate the nondelegation doctrine, since it set forth a guiding principle that SORNA's registration requirements were to apply to pre-SORNA convictions "as soon as feasible." *Gundy v. United States*, 139 S. Ct. 2116, 2129 (2019). Then, on July 22, 2019, Cole timely filed a perfected motion, in which he conceded that his motion to dismiss must be denied in light of the holding in *Gundy*. [Doc. 26 at 2 ("Based on the Supreme Court's decision, the government can proceed in prosecuting Mr. Cole for a SORNA violation at this time. Accordingly, this Court is obligated to deny Mr. Cole's Motion to Dismiss based on the current state of the law.").] Cole

---

[1] According to Cole, the relevant conviction occurred in 2000, several years prior to SORNA's enactment. [Doc. 19 at 1.]

nonetheless reiterated his argument that SORNA violates the nondelegation doctrine, is unconstitutional, and could be overturned by a future Supreme Court ruling. [*Id.* at 3-5.]

The Court agrees that the holding in *Gundy* forecloses Cole's constitutional argument, and as Cole points out, this Court is bound to follow the Supreme Court's present holding. Accordingly, it is **RECOMMENDED** that Cole's Preliminary Motion to Dismiss Indictment [Doc. 19] and his Perfected Motion to Dismiss Indictment [Doc. 26] be **DENIED**.

I have now addressed all pretrial matters referred to me in this case and have not been advised of any impediments to the scheduling of a trial. Accordingly, this case is **CERTIFIED READY FOR TRIAL**.

IT IS SO RECOMMENDED this 23rd day of July 2019.

_____
JOHN K. LARKINS III
United States Magistrate Judge