IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| LEEFATINIE COLE, | : | CRIMINAL ACTION NO. |
| | : | 1:19-CR-69-LMM |
| Defendant. | : | |

## ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [27], recommending that Defendant's Preliminary Motion to Dismiss Indictment [19] and Perfected Motion to Dismiss Indictment [26] be denied. Defendant timely filed objections to the R&R [30]. After due consideration, the Court enters the following Order:

### I. BACKGROUND

Defendant is charged with a single count of failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Dkt. No. [1]. Defendant moved to dismiss the indictment on the grounds that SORNA's registration requirement violates the nondelegation doctrine. Dkt. No. [19]. Because this issue was pending before the Supreme Court at the time Defendant moved to dismiss, the Court granted

Defendant's request to stay the proceedings. Dkt. No. [22]. On June 20, 2019, the Supreme Court issued its decision in Gundy v. United States, in which it held that SORNA's provision authorizing the Attorney General to specify that applicability of SORNA's registration requirements to persons convicted of sex offenses before SORNA's enactment does not violate the nondelegation doctrine. 139 S.Ct. 2116, 2129 (2019). Defendant timely filed a perfected motion to dismiss. Dkt. No. [26] at 2.

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections, the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Defendant objects to the R&R on the grounds that the plurality opinion in Gundy "left open the possibility that the law could change in the future." Dkt. No. [30] at 2 (citing 139 S.Ct. at 2130-31). However, the Court is bound by the current state of law. Indeed, Defendant acknowledges that, in light of the Supreme Court's decision in Gundy, the government can proceed in prosecuting him for a

SORNA violation at this time. Id. at 1. Thus, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

## IV. CONCLUSION

The Court **OVERRULES** Defendant's objections and **ADOPTS** the Magistrate's R&R [27]. Defendant's Preliminary Motion to Dismiss Indictment [19] and Perfected Motion to Dismiss Indictment [26] are **DENIED.**

The trial in this action is hereby set to begin on **Wednesday, October 2, 2019 at 9:30 A.M.** in Courtroom 2107. The pretrial conference will be held on Wednesday, September 25, 2019 at 9:30 A.M. in Courtroom 2107. By noon on Wednesday, September 11, 2019, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Wednesday, September 11, 2019, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Wednesday, September 18, 2019, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through October 2, 2019, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

3

**IT IS SO ORDERED** this 3rd day of September, 2019.

_____
**Leigh Martin May**
**United States District Judge**